**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | **Criminal Case No. CF0707-22** |
| | GPD Report No. 22-30943 |
| v. | |
| ROGER MARIS TOWAI JR. | **DECISION AND ORDER** |
| (*aka* **ROGER M. TOWAI**) | **REVOKING** |
| (*aka* **ROGER MARIS TOWAI**), | **DEFENDANT'S PROBATION** |
| DOB: 01/07/1996 or 01/09/1996 | |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 27, 2026 for a Revocation Hearing in the above-captioned matter related to Roger Maris Towai Jr.'s (*aka* Roger M. Towai's) (*aka* Roger Maris Towai's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Alternate Public Defender Tyler Scott. The People of Guam were represented by Assistant Attorney General Lucas Wood. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On March 17, 2023, Defendant entered a plea of guilty to Criminal Mischief (as a 3rd Degree Felony). See Judgment of Conviction (Apr. 12, 2023). A judgment was entered imposing the following relevant conditions of probation:

- **COUNSELING/TREATMENT:** Defendant shall report to the Adult Probation Office for intake and processing within forty-eight (48) hours of sentencing.
- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Decision and Order Revoking Defendant's Probation
CF0707-22, *People of Guam v. Roger Maris Towai Jr.*
Page 1 of 5

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **FINE:** Defendant shall pay a fine of two thousand dollars ($2,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred fifty (150) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

Id.

On May 16, 2023, a Violation Report was filed informing the Court that Defendant never appeared at the Adult Probation Office for his initial intake and processing. See Violation Report (May 16, 2023).

On July 25, 2023, another Violation Report was filed informing the Court that Defendant was arrested and indicted on charges of Terrorizing (as a 3rd Degree Felony) and Criminal Mischief (as a 3rd Degree Felony) in CF0392-23. See Violation Report (Jul. 25, 2023).

On January 15, 2026, another Violation Report was filed informing the Court that Defendant never reported to CSFC for his initial intake/assessment and made zero progress on paying off his fines/court costs or completing his required community service hours. See Violation Report (Jan. 15, 2026).

On February 11, 2026, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Feb. 11, 2026). Opposing the Motion, Defendant claims

Decision and Order Revoking Defendant's Probation
CF0707-22, *People of Guam v. Roger Maris Towai Jr.*
Page 2 of 5

he retains the ability to complete the terms of his probation if given another chance. See Opposition to Motion (Mar. 9, 2026).

On March 27, 2026, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Mar. 27, 2026).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

[T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (citing *People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose

Decision and Order Revoking Defendant's Probation
CF0707-22, *People of Guam v. Roger Maris Towai Jr.*
Page 3 of 5

on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Immediately upon entering probation, Defendant failed to report to the Adult Probation Office for his initial intake/assessment. See Violation Report May 16, 2023). Defendant also failed to report to CSFC for his initial intake/assessment, and made no progress on paying off his fines/court costs or completing his required community service hours. See Violation Report (Jan. 15, 2026). Most concerning of all, Defendant has failed to obey all laws of Guam, having been arrested and indicted on new felony charges in CF0392-23. See Violation Report (Jul. 25, 2023).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. These violations started immediately as Defendant failed to report to the Adult Probation Office for his initial intake/assessment. This suggests Defendant never intended to comply with the terms of his probation, and is unlikely to start now. Such intent is further suggested by Defendant's complete lack of progress on paying off any of his fine/court costs or completing any of his required community service hours. Defendant's lack of progress on such conditions again suggests that Defendant is not serious about complying with the terms of his probation.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders.

Decision and Order Revoking Defendant's Probation
CF0707-22, *People of Guam v. Roger Maris Towai Jr.*
Page **4** of **5**

Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of Defendant's sentence, the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___MAY 1 4 2026___

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

CERTIFICATE OF SERVICE
I acknowledge that an electronic
copy of the original was e-mailed to.

OAG & APD

Date 5/14/26 Time: 2:11

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

Decision and Order Revoking Defendant's Probation
CF0707-22, *People of Guam v. Roger Maris Towai Jr.*
Page **5** of **5**